■ MICHAEL BONFANTE, as Father and Natural Guardian of LORRAINE BONFANTE, et al., Respondents, v HADAR HOMES, INC., Appellant, et al., Defendant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., defendant Hadar Homes, Inc., appeals from an order of the Supreme Court, Kings County, dated June 1, 1979, which granted plaintiffs' motion for permission to amend their complaint and bill of particulars. Order reversed and motion denied, with $50 costs and disbursements. The record indicates that plaintiff father was aware of the true facts of his daughter's accident from the date of its occurrence on November 12, 1972, as signified by the admission note composed upon the infant plaintiff's arrival at Coney Island Hospital at approximately 12:30 A.M. on November 13, 1972. Said note not only describes the true facts of the fall, but further states that the source of such information was the parents. Moreover, it is equally clear that prior to the drafting of the bill of particulars, plaintiffs' attorney had in his possession the hospital discharge summary reflecting the true facts of the infant plaintiff's accident. Any protestations to the contrary by plaintiffs or counsel strain credulity to an unacceptable degree. Furthermore, defendant Hadar Homes, Inc. (Hadar) alleges prejudice emanating from its current inability to secure evidence necessary to rebut plaintiffs' revised allegations. More particularly, Hadar has heretofore investigated only those facts, and examined only those persons with information relevant to the condition of the public area abutting the construction site; if Hadar is now to defend itself against plaintiffs' revised allegations, it must secure evidence regarding which contractor(s) was in charge of completing the flooring and/or closing the building on the date of the accident. Such information would be difficult, if not impossible, to obtain at this late date, and even if ascertainable, we note that recollection would likely be clouded as a result of the delay caused by plaintiffs' failure to properly and honestly set forth known facts in the first instance. Although motions to amend pleadings are generally liberally granted pursuant to the letter and spirit of CPLR 3025 (subd [b]) and 3026, in this instance, in light of the deliberate misrepresentation of the facts surrounding the accident, this court cannot, in good conscience, and in the interest of justice, concur in the result reached at Special Term. To do otherwise would be to condone wrongful behavior. Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.